**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEJON PARIS** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **NO. 3:26-cv-2380-E-BN** |
| | § | |
| **CARMAX ENTERPRISE** | § | |
| **SERVICES, LLC; GLOBAL** | § | |
| **LENDING SERVICES LLC;** | § | |
| **EXPERIAN INFORMATION** | § | |
| **SOLUTIONS; and CREDIT** | § | |
| **COLLECTION SERVICES** | § | |
| **CASH** | § | |
| | § | |
| *Defendant.* | § | |

---

DEFENDANT GLOBAL LENDING SERVICES LLC'S MOTION TO DISMISS

---

# TABLE OF CONTENTS

**Page**


I. NATURE OF PROCEEDING ........ 1

II. STATEMENT OF THE ISSUES ........ 1

1. Whether res judicata bars Plaintiff's claims in this litigation. ........ 1

a. The res judicata effect of a prior judgment is a question of law reviewed de novo. ........ 1

III. SUMMARY OF THE ARGUMENT ........ 1

IV. BACKGROUND ........ 2

V. ARGUMENTS AND AUTHORITIES ........ 4

A. Legal Standard ........ 4

B. Request for Judicial Notice ........ 5

C. Pursuant to Rule 12(b)(6), This Court Should Dismiss Plaintiff's Suit Because His Claims Are Barred By the Doctrines of Res Judicata and/or Collateral Estoppel. ........ 6

1. The same claim or causes of action were involved in the prior proceedings. ........ 8

CONCLUSION ........ 10

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ambler v. Williamson Cnty., Tex.*,
No. 1-20-CV-1068-LY, 2021 WL 769667
(W.D. Tex. Feb. 25, 2026)....................5

*Anderson v. Wells Fargo Bank, N.A.*,
953 F.3d 311 (5th Cir. 2020)....................5, 6

*Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*,
976 F.3d 585 (5th Cir. 2020)....................5, 6

*BMSH I Katy Tx, LLC v. Smith, Seckman, Reid, Inc.*,
No. 4:22-cv-218, 2024 WL 5373169
(S.D. Tex. Nov. 5, 2024)....................5

*Devins v. Armstrong*,
167 F.4th 247 (5th Cir. 2026)....................6, 8

*Doe v. Allied-Signal, Inc.*,
985 F.2d 908 (7th Cir. 1993)....................6, 8

*Lawal v. Lynch*,
156 F.Supp.3d 846 (S.D. Tex. 2016)....................5, 6

*Lee v. Kroger Co.*,
901 F.Supp. 1218 (S.D. Tex. 1995)....................7, 8

*McCormack v. Nat'l Collegiate Athletic Ass'n*,
845 F.2d 1338 (5th Cir. 1988)....................4

*Pie Dev., LLC v. Pie Carrier Holdings, Inc.*,
128 F.4th 657 (5th Cir. 2025)....................6, 7

*Test Masters Educ. Servs., Inc. v. Singh*,
428 F.3d 559 (5th Cir. 2005)....................6, 7

**Statutes**

15 U.S.C. § 1681 et seq....................2

**Other Authorities**

Fed. R. Civ. P. 12 ....................................................................................4, 5, 6

Fed. R. Civ. P. 55 ..........................................................................................5

Fed. R. Evid. 201 ..........................................................................................5

## I. NATURE OF PROCEEDING

This case arises from a Final Arbitration Award before the American Arbitration Association and subsequent confirmation in state court of said Award against Plaintiff Dejon Paris ("Plaintiff") for claims arising out of the alleged repossession of Plaintiff's 2023 Nissan Kicks and GLS's reporting under the Fair Credit Reporting Act.

Plaintiff filed this suit in the Dallas County Court of Law. Defendant Experian Information Solutions, Inc. subsequently removed this action to this federal district court. As to Defendant Global Lending Services LLC ("GLS"), Plaintiff alleges violations of the Texas Uniform Commercial Code, the Texas Debt Collection Act, and the Texas Fair Credit Reporting Act. GLS has not filed a responsive pleading.

## II. STATEMENT OF THE ISSUES

1. Whether res judicata bars Plaintiff's claims in this litigation.
    a. The res judicata effect of a prior judgment is a question of law reviewed *de novo*.

## III. SUMMARY OF THE ARGUMENT

Plaintiff asserted claims in an arbitration proceeding against GLS under the Fair Credit Reporting Act in connection with the 2023 Nissan Kicks and the underlying contract made the basis of the present Complaint. The prior arbitration proceeding concluded in a final award in favor of GLS, which GLS subsequently confirmed in a state court action. Res judicata and collateral estoppel preclude

Plaintiff from re-litigating those issues previously raised in the arbitration proceeding. Because Plaintiff's claims in this action arise out of the same nucleus of operative fact as the arbitration proceeding, Plaintiff cannot re-litigate the issue. Plaintiff could have brought his claims under the Texas Debt Collection Act, the Texas Credit Reporting Act, and the Texas Uniform Commercial Code in previous litigation but failed to do so. Accordingly, res judicata and collateral estoppel bar the present Complaint.

For these reasons, GLS requests dismissal of Plaintiff's claims with prejudice.

## IV. BACKGROUND

On or about September 29, 2022, Plaintiff entered into a Retail Installment Sale Contract—Simple Finance Charge (With Arbitration Provision) (the "RISC") for the purchase of a 2023 Nissan Kicks. The RISC was subsequently assigned to GLS. On or about December 15, 2023, Plaintiff initiated an arbitration with the American Arbitration Association ("AAA"), alleging claims against GLS arising out of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq., tied to his account with GLS concerning the 2023 Nissan Kicks (the "Arbitration"). (*See* Pl.'s Arb. Compl. attached hereto as **Exhibit 1**). On June 5, 2024, Plaintiff submitted a Motion for Summary Disposition seeking dispositive relief on his claims against GLS. (*See* Pl.'s Mtn for Summary Disposition attached hereto as **Exhibit 2**). In his

motion, Plaintiff argued, inter alia, that GLS had repossessed his 2023 Nissan Kicks and lost the vehicle. (*See* Ex. 2, ¶ 1.)

On September 9, 2024, Arbitrator Susan P. Burton (the "Arbitrator") issued the Award of Arbitrator ("Final Award") in favor of GLS. (*See* Final Award attached hereto as **Exhibit 3**). In her findings the Arbitrator expressly stated: "Claimants allege that GLS repossessed and apparently misplaced the Vehicle. However, there was no credible evidence submitted that GLS repossessed the Vehicle. . . . Therefore, Claimants claim on this issue is dismissed." (*See* Ex. 3.)

On September 9, 2025, within one year of the Final Award, GLS filed a Petition to Confirm Arbitration Award and enter judgment in the 405th Judicial District Court of Galveston County, Texas in the matter styled, *Global Lending Services LLC v. Dejon Paris*, No. 25-cv-1716 (the "Confirmation Action"). (*See* GLS's Orig. Pet. attached hereto as **Exhibit 4**). The state district court entered its final Order confirming the Final Award in favor of GLS in all respects. (*See* Order dated March 9, 2026, attached hereto as **Exhibit 5**). Plaintiff appealed the district court Order to the Texas Court of Appeals for the Fourteenth District on or about March 30, 2026, initiating the matter, *Dejon Paris v. Global Lending Services LLC*, No. 14-26-00312-CV (Tex. App.—Houston [14th Dist.]) (the "State Court Appeal"). A copy of the Clerk's Record in the State Court Appeal is attached hereto as **Exhibit 6**.

On July 20, 2026, Plaintiff filed his Original Petition (the "Complaint," Doc.1-3, at pp. 11–18), initiating the present action, which was removed to this court. On July 22, 2026, GLS informed Plaintiff of its intent to file the present Motion and provided written notice regarding the basis for this Motion and Plaintiff's right to amend the Complaint. Thereafter, GLS sought an extension of time to file responsive pleadings to comply with this Court's procedures governing motions to dismiss. (*See* Doc. 14.) On July 24, 2026, the Court extended GLS's response deadline until August 7, 2026. (*See* Doc. 18.) Plaintiff's deadline to amend his Complaint under Section II(C) of Judge Ada Brown's *Procedures for Cases Assigned to District Judge Ada Brown and Standing Order* ("Court Procedures") passed on July 29, 2026. Plaintiff did not amend the Complaint.

## V. <u>ARGUMENTS AND AUTHORITIES</u>

### A. Legal Standard

Dismissal is appropriate under Federal Rule of Civil Procedure ("Rule") 12(b)(6) when a plaintiff's allegations fail to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). When it is clear to the court that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief, the court should dismiss the claim. *See McCormack v. Nat'l Collegiate Athletic Ass'n*, 845 F.2d 1338, 1343 (5th Cir. 1988). A court may use Rule 12(b)(6) to dismiss a claim on res judicata grounds if it is apparent from the face of the complaint and

judicially noticed facts. *See, e.g., Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020). If the court considers extraneous materials, then the court may treat the Rule 12(b) motion "as a motion for summary judgment under Rule 56." *See Lawal v. Lynch*, 156 F.Supp.3d 846, 851 (S.D. Tex. 2016).

**B. Request for Judicial Notice**

Federal Rule of Evidence 201 permits this Court to take judicial notice of adjudicative fact. *See* Fed. R. Evid. 201. Adjudicative facts are those facts "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See id.* 201(b). Judicially noticed facts may be considered at any stage of the proceedings, including, without limitation, at the Rule 12(b) dismissal stage. *See Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 588–89 (5th Cir. 2020). State court records cannot reasonably be questioned and, therefore, fall within Federal Rule of Evidence 201. *See id.* at 589. Likewise, courts may take judicial notice of arbitration records. *See BMSH I Katy Tx, LLC v. Smith, Seckman, Reid, Inc.*, No. 4:22-cv-218, 2024 WL 5373169, at *7 (S.D. Tex. Nov. 5, 2024) (citing *Ambler v. Williamson Cnty., Tex.*, No. 1-20-CV-1068-LY, 2021 WL 769667, at *4 (W.D. Tex. Feb. 25, 2021) (internal citations omitted).

Accordingly, GLS requests that this Court take judicial notice of the filings in the Arbitration between Plaintiff and GLS, styled *Dejon Paris and Harper Paris v. Global Lending Services*, AAA Case No. 01-23-0005-0596, the Confirmation Proceeding, styled *Global Lending Services LLC v. Dejon Paris*, No. 25-cv-1716 (405th Dist. Ct., Galveston County, Tex.), and the State Court Appeal, styled *Dejon Paris v. Global Lending Services*, No. 14-26-00312-CV (Tex. App.—Houston [14th Dist.]). The filings most relevant to this dispute are included as Exhibits to this Motion. Should this Court find any Exhibits to not be appropriate for purposes of judicial notice, the Court may consider these arguments on summary judgment grounds. *Lawal v. Lynch*, 156 F.Supp.3d 846, 851 (S.D. Tex. 2016); *but see Basic Capital Mgmt.*, 976 F.3d at 588 (finding judicially noticed facts do not convert Rule 12(b) motions to summary judgment motions).

GLS reserves the right to incorporate additional filings from the prior proceedings as necessary.

**C. Pursuant to Rule 12(b)(6), This Court Should Dismiss Plaintiff's suit Because His Claims Are Barred By the Doctrines of Res Judicata and/or Collateral Estoppel.**

Dismissal under Rule 12(b)(6) is appropriate on res judicata grounds when the defense is clear from the face of the complaint and judicially noted facts. *See Anderson*, 953 F.3d 311. "[I]f all relevant data and legal records are before the court, the demands of comity, continuity in the law, and essential justice *mandate*

invocation of the principles of res judicata." *See Devins v. Armstrong*, 167 F.4th 247, 251 (5th Cir. 2026) (emphasis in original) (quoting *Pie Dev., LLC v. Pie Carrier Holdings, Inc.*, 128 F.4th 657, 662 (5th Cir. 2025)). The rule of res judicata encompasses claim preclusion (res judicata) and issue preclusion (collateral estoppel). *See Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005).

Dismissal on res judicata grounds requires the following: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court [or arbitral tribunal] of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* at 571. Courts in the Fifth Circuit use the transactional test to determine whether "a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. *Id.* (internal citations omitted). The key issue is whether the actions are based on the same nucleus of operative facts. *Id.* (internal citations and quotations omitted). Res judicata bars claims that were or could have been asserted in a prior proceeding not only those actions actually adjudicated. *See, e.g., Lee v. Kroger Co.*, 901 F.Supp. 1218, 1222 (S.D. Tex. 1995). The purpose of res judicata is to "encourage reliance on judicial decision, bar

vexatious litigation, and free courts to resolve other dispute." *Id.* (quoting *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 913 (7th Cir. 1993)).

Here, there can be no dispute regarding the common identity of parties because both GLS and Plaintiff were parties in the prior proceedings as evidenced by the judicially noticed facts. (*See generally* Exs. 1–6.) Further, there is no credible argument that the AAA or the state district court lacked jurisdiction over the parties and the claims in the prior proceedings. (*See* Exs. 2 and 5.) Lastly, it is clear from the record in each of the prior proceedings that a final judgment on the merits was issued in favor of GLS in both the Arbitration and the Confirmation Proceeding. (*See* Ex. 5.) Accordingly, this Court need only consider whether the present action and the prior proceedings share a nucleus of operative fact.

1. <u>The same claim or causes of action were involved in the prior proceedings.</u>

It is the nucleus of operative facts that defines the claim, not the relief requested, substantive theories of law, or rights asserted. *See Devins*, 167 F.4th at 252. When the factual scenarios between the present action and the prior action are parallel, the same cause of action is involved in both proceedings and the complaint is ripe for res judicata review. *See Lee*, F. Supp. at 1222.

Plaintiff's claims here are indistinguishable from the claims previously asserted. In this action, Plaintiff complains of GLS as "creditor and servicer" for the Vehicle and alleges that GLS is "responsible for the subsequent repossession and

reporting actions described herein." (*See* Doc. 1-3, Compl., ¶ 6.) Plaintiff alleges that GLS "failed to provide requisite notices regarding the repossession, sale, or disposition of the collateral." (*See id.*, ¶ 17.) Plaintiff asserts several causes of action against all "Defendants" including, GLS, under the Texas Fair Credit Reporting Act and Texas Debt Collection Act. (*Id.*, ¶ 22.) Further, Plaintiff claims negligence under the FCRA against GLS. (*Id.*, ¶ 23.)

The claims in the present action mirror Plaintiff's allegations in the arbitration. For example, Plaintiff's Arbitration Demand provides:

> 1. This is a civil action by Claimant, an individual consumer, seeking actual and statutory money damages against Respondent GLOBAL LENDING SERVICES ("GLS") for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (hereinafter ""FCRA").

(Ex. 1, ¶ 1). Additionally, Claimant's own Motion for Summary Disposition in the Arbitration highlights the connection of the claim to his 2023 Nissan Kicks and the RISC:

> This dispute involves Respondents' failure to conduct a reasonable investigation after being notified by a credit reporting agency of a consumer dispute and attempting to collect an alleged debt that has been paid and attempting to repossess a 2023 Nissan Kicks that has already been repossessed by Respondent and lost. Claimant disputed the completeness and accuracy of the Payment History for September 2022 on his Experian Report which displays if a consumer is "Current/Terms Met", "30 Paid Late",

(*See* Ex. 2, ¶ 1.) The Arbitrator reviewed Plaintiff's motion and demand and concluded "[c]laimants allege that GLS repossessed and apparently misplaced the

Vehicle. However, there was no credible evidence submitted that GLS repossessed the Vehicle. . . . Therefore, Claimants claim on this issue is dismissed." (*See* Ex. 3.) The Award similarly disposed of Plaintiff's FCRA claims. (*See id.*)

Plaintiff's Complaint in the present litigation sets forth the same factual basis previously raised in Arbitration. (*See* Doc. 1-3, Compl., ¶ 17) ("In connection with the repossession of Plaintiff's 2023 Nissan Kicks . . ..") Plaintiff could have prosecuted these claims in Arbitration but failed to do so. Because these claims arise out of the same nucleus of operative fact, Plaintiff's claims should be dismissed.

For these reasons, this Court should grant GLS's Motion and dismiss GLS from the above-captioned lawsuit with prejudice.

## CONCLUSION

WHEREFORE, Defendant Global Lending Services LLC respectfully requests that the Court grant its Motion to Dismiss, enter an order dismissing the claims against GLS with prejudice, and award GLS such other and further relief to which it is justly entitled.

Date: August 6, 2026

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: *<u>/s/ George G. Robertson</u>*
George G. Robertson
State Bar No. 24106352
Miguel A. Escobar
State Bar No. 24137574
(admission pending)
811 Main Street, Suite 2500
Houston, Texas 77002
713-821-7000 (Telephone)
713-821-7001 (Facsimile)
george.robertson@hklaw.com
miguel.escobar@hklaw.com

Jordan T. Koenig
State Bar No. 24121702
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214-979-1700 (Telephone)
214-969-1751 (Facsimile)
Jordan.Koenig@hklaw.com

**ATTORNEYS FOR DEFENDANT GLOBAL LENDING SERVICES LLC**

## CERTIFICATE OF CONFERENCE

Pursuant to the *Procedures for Cases Assigned to District Judge Ada Brown and Standing Order*, I certify that on July 22, 2026, I contacted Plaintiff by telephone and electronic mail regarding the proposed deficiencies and expected basis of this Motion. In the phone call with Plaintiff, Plaintiff represented that he disagreed with the basis of the Motion and stated he did not intend to file an amended Complaint. In an email following the phone call, I provided written notice of the deficiencies and summarized GLS and Plaintiff's positions on the call. Plaintiff did not file an amended Complaint in response to GLS's notice. Again on August 4, 2026, during the parties' Rule 26(f) conference, I again stated GLS's intent to file the present Motion.

*/s/ Miguel Escobar*
Miguel Escobar

## CERTIFICATE OF WORD COUNT

Pursuant to the *Procedures for Cases Assigned to District Judge Ada Brown and Standing Order*, I hereby certify that this Motion contains 2,191 words, exclusive of the case caption, table of contents, table of authorities, signature block, and any certificates.

*/s/ George G. Robertson*
George G. Robertson

## CERTIFICATE OF SERVICE

I certify that a correct copy of the foregoing was filed with the Clerk of the Court via the CM/ECF filing system on August 6, 2026 and served on all parties as shown below:

Dejon Paris
1701 Keller Parkway, #9602
Keller, Texas 76248

Pro Se Plaintiff

*/s/ George G. Robertson*
George G. Robertson