**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| DEJON T. PARIS,<br>*Plaintiff*,<br><br>v.<br><br>CARMAX ENTERPRISE SERVICES LLC; GLOBAL LENDING SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; CREDIT COLLECTION SERVICES,<br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | No. 3:26-CV-02380-E-BN |

**DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES OF TO PLAINTIFF'S COMPLAINT**

COMES NOW Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, and answers only those allegations of Plaintiff DeJon T. Paris's ("Plaintiff") Original Petition (the "Complaint") that pertain to Experian as follows:

**ANSWER**

1. This is a civil suit for debt/contract, as defined by the Dallas County Clerk's civil case filing categories.

**Response:** In response to paragraph 1 of the Complaint, Experian admits that Plaintiff purports to characterize this action as a civil suit for debt/contract. This action has been removed to federal court and is now pending in the United States District Court for the Northern District of Texas. Except as specifically admitted,

Experian denies, generally and specifically, each and every remaining allegation contained therein.

2. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

**Response:** In response to paragraph 2 of the Complaint, Experian admits that Plaintiff purports to conduct discovery under Texas Rule of Civil Procedure. Experian further states that this action has been removed to federal court and that discovery is now governed by the Federal Rules of Civil Procedure. Accordingly, the Texas Rules of Civil Procedure, including Rule 190.3, are inapplicable to this action. Experian denies, generally and specifically, each and every remaining allegation contained therein.

3. Plaintiff DeJon Paris is an individual residing in Dallas County with a mailing address at 1710 Keller Pkwy #9602, Keller, Texas 76248.

**Response:** In response to paragraph 3 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein concerning Plaintiff's residency, and, on that basis, denies, generally and specifically, each and every allegation contained therein.

4. Defendant CARMAX ENTERPRISE SERVICES, LLC ("CarMax") is a data furnisher as defined by the FCRA, with a principal office address at 12800

Tuckahoe Creek Parkway, Richmond, VA 23238. Defendant may be served with process through its registered agent.

**Response:** In response to paragraph 4 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

5. Defendant Experian Information Solutions, Inc. is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f), with a regional dispute center at P.O. Box 9701, Allen, TX 75013. Defendant may be served with process through its registered agent.

**Response:** In response to paragraph 5 of the Complaint, Experian admits that it is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian states that it is an Ohio corporation with its principal place of business in Costa Mesa, California. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein, including any inaccurate characterization of its corporate description or principal office.

6. Defendant Global Lending Services, LLC ("GLS") is a vehicle financing entity and data furnisher with a principal office at 1200 Brookfield Blvd, Suite 300, Greenville, SC 29607. GLS acted as the creditor and servicer for the

financing of Plaintiff's vehicle and is responsible for the subsequent repossession and reporting actions described herein.

**Response:** In response to paragraph 6 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

7. Defendant Credit Collection Services ("CCS") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and the Texas Debt Collection Act (Tex. Fin. Code § 392.001 et seq.), and a "data furnisher" as defined by the FCRA, with a principal office at 725 Canton Street, Norwood, MA 02062. Defendant may be served with process through its registered agent.

**Response:** In response to paragraph 7 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

8. Jurisdiction: This Court has subject matter jurisdiction over this matter because the damages sought are within the jurisdictional limits of the Dallas County Courts at Law. This Court has concurrent jurisdiction over claims arising under the Fair Credit Reporting Act (FCRA) pursuant to 15 U.S.C. § 1681p.

**Response:** In response to paragraph 8 of the Complaint, Experian admits that Plaintiff purports that Dallas County Courts at Law have subject matter jurisdiction over this matter. Experian further states that this action has been removed to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. This Court has original jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, and supplemental jurisdiction over any state-law claims pursuant to 28 U.S.C. § 1367. The allegations regarding the jurisdictional limits of the Dallas County Courts at Law are moot. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

9. Venue: Venue is proper in Dallas County, Texas, pursuant to Tex. Civ. Prac. & Rem. Code § 15.002, because a substantial part of the events or omissions giving rise to the claim occurred in this county, and Defendants conduct business within this county.

**Response:** In response to paragraph 9 of the Complaint, Experian admits that Plaintiff purports that venue is proper in Dallas County, Texas. Experian further states that venue in the Northern District of Texas, Dallas Division, is proper following removal pursuant to 28 U.S.C. § 1441(a). The allegations regarding venue in Dallas County under Texas Civil Practice & Remedies Code § 15.002 are moot. Except as so stated, Experian is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations in this paragraph and, on that basis, denies those allegations.

10. On April 21, 2025, Plaintiff sent a formal “Undispute Letter” via U.S.P.S. Certified Mail to Credit Collection Services (CCS) regarding an alleged GEICO account (Account Balance: $176), explicitly requesting the removal of inaccurate dispute remarks.

**Response:** In response to paragraph 10 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

11. On May 1, 2025, Plaintiff filed a formal consumer complaint through the Consumer Financial Protection Bureau (CFPB) Portal (Complaint ID: 250501-20496986) against Experian Information Solutions, Inc. regarding inaccurate reporting on a CarMax account (Account No. 51150562). The primary remedy sought was the total removal of ongoing “dispute remarks” that were causing ongoing harm to Plaintiff’s credit profile.

**Response:** In response to paragraph 11 of the Complaint, Experian admits that it received a consumer complaint through the Consumer Financial Protection Bureau portal that included a dispute letter dated April 30, 2025 disputing a CarMax

account. Except as specifically admitted, Experian denies, generally and specifically, each and every remaining allegation contained therein.

12. On May 4, 2025, Plaintiff sent a formal “Undispute Letter” via U.S.P.S. Certified Mail to the CarMax Home Office, explicitly requesting the removal of the inaccurate and harmful dispute remarks from his credit reporting.

**Response:** In response to paragraph 12 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

13. On June 30, 2025, Defendant Experian Information Solutions, Inc. provided its final response through the CFPB portal, stating it closed the complaint with an explanation. Experian Information Solutions, Inc. claimed to have “reinvestigated” the issue by contacting the data furnisher, CarMax, and verified that the items were accurate as reported, thereby leaving the damaging dispute remarks active.

**Response:** In response to paragraph 13 of the Complaint, Experian states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation that it responded to Plaintiff’s complaint through the CFPB portal on June 30, 2025. Experian admits that it responded to Plaintiff’s dispute on May 22, 2025, providing the reinvestigation results. Except as specifically admitted, Experian

denies, generally and specifically, each and every remaining allegation contained therein.

14. Despite these direct notifications, Experian, CarMax, and CCS failed to conduct reasonable investigations or correct the file. CCS responded on May 7, 2025, claiming they did not have enough specific information to identify the account, yet they failed to update or remove the harmful remarks despite the clear identification provided in Plaintiff's certified correspondence.

**Response:** In response to paragraph 14 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein that pertains to Experian.

15. As of May 2026, a consumer report pulled via myFICO (dated June 8, 2026) continues to show the inaccurate dispute remarks for both the CarMax and GEICO (via CCS) accounts.

**Response:** In response to paragraph 15 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, denies those allegations.

16. As a direct consequence of the Defendants' collective failure to remove the inaccurate dispute remarks, Plaintiff was denied a $300,000 mortgage loan for which he was otherwise qualified and suffered significant emotional distress.

**Response:** In response to paragraph 16 of the Complaint, Experian denies that any conduct by Experian caused Plaintiff to be denied a mortgage loan or to suffer emotional distress.

17. In connection with the repossession of Plaintiff's 2023 Nissan Kicks, Defendant Global Lending Services, LLC failed to comply with the procedural requirements under the Uniform Commercial Code (UCC), as codified in the Texas Business & Commerce Code, Chapter 9, Part 6. Specifically, Global Lending Services, LLC failed to provide requisite notices regarding the repossession, sale, or disposition of the collateral.

**Response:** In response to paragraph 17 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

18. In connection with the repossession of Plaintiff's 2023 Tesla, Defendant CARMAX ENTERPRISE SERVICES, LLC failed to comply with the procedural requirements under the Uniform Commercial Code (UCC), as codified in the Texas Business & Commerce Code, Chapter 9, Part 6. Specifically, CarMax failed to provide requisite notices regarding the repossession, sale, or disposition of the collateral.

**Response:** In response to paragraph 18 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COUNT I: FCRA VIOLATION – FAILURE TO REINVESTIGATE**
**(Against Defendant Experian Information Solutions, Inc.)**

19. Defendant Experian Information Solutions, Inc. violated 15 U.S.C. § 1681i(a) by failing to conduct a reasonable reinvestigation of the disputed accounts, including failing to notify the data furnisher (CCS) of the dispute, and failing to delete or modify inaccurate information despite proper notice.

**Response:** In response to paragraph 19 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

**COUNT II: FCRA VIOLATION – FAILURE TO INVESTIGATE AS A FURNISHER**
**(Against Defendant CarMax Enterprise Services, LLC)**

20. Defendant CarMax violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation upon receiving notice of a dispute from a consumer reporting agency and failing to direct the removal of outdated or inaccurate dispute remarks after direct notice from the consumer.

**Response:** In response to paragraph 20 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COUNT III: FDCPA VIOLATIONS – FAILURE TO INVESTIGATE AND UPDATE**
**(Against Defendant Credit Collection Services)**

21. Defendant CCS is a debt collector under both federal and Texas law. CCS violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692e(8), and the Texas Debt Collection Act, by failing to communicate that a disputed debt was no longer disputed (failing to remove dispute remarks) and failing to conduct a reasonable investigation after receiving notice of the dispute.

**Response:** In response to paragraph 21 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**COUNT IV: TEXAS CONSUMER CREDIT REPORTING ACT VIOLATIONS**
**(Against All Defendants)**

22. Defendants violated the Texas Fair Credit Reporting Act (Tex. Bus. & Com. Code § 20.01 et seq.) and the Texas Debt Collection Act (Tex. Fin. Code § 392.001 et seq.) by failing to correct inaccurate consumer information and using unfair or unconscionable means to collect a debt after receiving proper notice.

**Response:** In response to paragraph 22 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## WILLFULNESS AND NEGLIGENCE

23. Defendants' violations were willful, entitling Plaintiff to statutory damages, punitive damages, and attorney's fees pursuant to 15 U.S.C. § 1681n.

**Response:** In response to paragraph 23 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

24. In the alternative, Defendants' violations were negligent, entitling Plaintiff to actual damages and attorney's fees pursuant to 15 U.S.C. § 1681o.

**Response:** In response to paragraph 24 of the Complaint, Experian denies, generally and specifically, each and every allegation contained therein.

## COUNT V: VIOLATIONS OF TEXAS BUSINESS & COMMERCE CODE (Against Defendants CarMax and Global Lending Services)

25. Defendants CARMAX ENTERPRISE SERVICES, LLC and Global Lending Services, LLC violated the Texas Business & Commerce Code by failing to adhere to the mandatory procedures for repossession, notice, and disposition of collateral. By failing to comply with these statutory requirements, Defendants are legally precluded from collecting any purported deficiency and are liable to Plaintiff for damages arising from the unlawful seizure and disposition of Plaintiff's vehicles.

**Response:** In response to paragraph 25 of the Complaint, Experian is without knowledge or information sufficient to form a belief as to the truth of the allegations

contained therein and, on that basis, denies, generally and specifically, each and every allegation contained therein.

**DAMAGES**

26. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered actual damages, including but not limited to, the denial of a $300,000 mortgage for which he was qualified, a subsequent drop in credit scores, the loss of financial opportunities, and severe emotional distress, frustration, and mental anguish.

**Response:** In response to paragraph 26 of the Complaint, Experian denies that any Plaintiff is entitled to any damages on the basis of Experian's conduct.

27. Plaintiff seeks statutory damages for each willful violation, punitive damages to deter future misconduct, and recovery of all court costs.

**Response:** In response to paragraph 27 of the Complaint, Experian admits that Plaintiff purports to seek the relief described therein. Experian denies that Plaintiff is entitled to any relief from Experian.

**Response to Prayer for Relief:** Experian denies that Plaintiff is entitled to any of the relief requested in the Prayer for Relief of the Complaint, including but not limited to actual damages, statutory damages under 15 U.S.C. § 1681n, punitive damages, attorneys' fees and court costs, pre- and post-judgment interest, or any other relief whatsoever from Experian.

## GENERAL DENIAL

Experian denies, generally and specifically, each and every allegation contained in the Complaint that is not specifically admitted herein.

## AFFIRMATIVE DEFENSES

In further response to Plaintiff's Complaint, Experian hereby asserts the following affirmative defenses, without conceding that it bears the burden of persuasion as to any of them.

### FIRST AFFIRMATIVE DEFENSE
### (RES JUDICATA AND COLLATERAL ESTOPPEL)

Plaintiff's claims are barred by the doctrines of res judicata and/or collateral estoppel. On July 8, 2026, the Justice Court of Dallas County, Texas, Precinct 5, Place 1, in Cause No. JPC-25-11541-51, granted Experian's Motion for Summary Disposition and entered final judgment in favor of Experian and against Plaintiff on all claims. The court found that Plaintiff failed to allege or provide any evidentiary support for actual damages, and that the undisputed evidence showed Experian reinvestigated Plaintiff's dispute letter. Accordingly, Plaintiff's claims in this action arise from the same facts and circumstances and are barred by the prior adjudication.

## SECOND AFFIRMATIVE DEFENSE
## (STATUTE OF LIMITATIONS)

Experian is informed and believes and thereon alleges that all claims for relief in the Complaint herein are barred by the applicable statutes of limitation, including but not limited to 15 U.S.C. § 1681p.

## THIRD AFFIRMATIVE DEFENSE
## (TRUTH/ACCURACY OF INFORMATION)

All claims against Experian are barred because all information Experian communicated to any third person regarding Plaintiff was true.

## FOURTH AFFIRMATIVE DEFENSE
## (FAILURE TO MITIGATE DAMAGES)

Plaintiff has failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE
## (LACHES)

The Complaint and each claim for relief therein are barred by laches.

## SIXTH AFFIRMATIVE DEFENSE
## (CONTRIBUTORY/COMPARATIVE FAULT)

Experian is informed and believes and thereon alleges that any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff himself and/or third parties and resulted from Plaintiff's or third parties' own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian.

**SEVENTH AFFIRMATIVE DEFENSE**
**(ESTOPPEL)**

Any damages which Plaintiff may have suffered, which Experian continues to deny, were the direct and proximate result of the conduct of Plaintiff. Therefore, Plaintiff is estopped and barred from recovery of any damages.

**EIGHTH AFFIRMATIVE DEFENSE**
**(UNCLEAN HANDS)**

The Complaint and each claim for relief therein that seeks equitable relief are barred by the doctrine of unclean hands.

**NINTH AFFIRMATIVE DEFENSE**
**(IMMUNITY)**

All claims against Experian are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

**TENTH AFFIRMATIVE DEFENSE**
**(FEDERAL PREEMPTION)**

Any and all state and common law claims Plaintiff brings against Experian are preempted by the federal Fair Credit Reporting Act.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(INDEPENDENT INTERVENING CAUSE)**

Experian is informed and believes and thereon alleges that if Plaintiff sustained any of the injuries alleged in the Complaint, there was an intervening, superseding cause and/or causes leading to such alleged injuries and, as such, any action on the part of Experian was not a proximate cause of the alleged injuries.

Experian reserves the right to assert additional affirmative defenses that may become apparent through discovery or further investigation of Plaintiff's claims.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiff take nothing by virtue of the Complaint herein and that this action be dismissed in its entirety as against Experian;

(2) For costs of suit and attorneys' fees herein incurred; and

(3) For such other and further relief as the Court may deem just and proper.

Dated: August 7, 2026

Respectfully submitted,

KASOWITZ LLP

By: */s/ Steven J. Owens*
Steven J. Owens
Texas State Bar No. 24098212
SOwens@kasowitz.com
1415 Louisiana Street, Suite 2100
Houston, Texas 77002
(713) 220-8800
(713) 222-0843 (fax)

*Attorney for Defendant Experian Information Solutions, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 7, 2026, the foregoing document was presented with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF or mail. I further certify that a true and correct copy of the foregoing document was served on Plaintiff, proceeding *pro se*, via U.S.P.S. First-Class Mail and/or email to:

DeJon Paris
1710 Keller Parkway 9602
Keller, Texas 76248
dejon.paris@gmail.com

*/s/ Steven J. Owens*
Steven J. Owens