**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DEJON PARIS** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **NO. 3:26-cv-2380-E-BN** |
| | § | |
| **CARMAX ENTERPRISE SERVICES, LLC; GLOBAL LENDING SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS; and CREDIT COLLECTION SERVICES CASH** | § | |
| | § | |
| *Defendant.* | § | |

**DEFENDANT GLOBAL LENDING SERVICES LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

COMES NOW, Defendant Global Lending Services LLC ("GLS") and submits this Reply in Support of its Motion to Dismiss (Doc. 23) and in response to Plaintiff Dejon Paris's *Response to Defendant Global Lending Services LLC's Motion to Dismiss* (the "Response," Doc. 31). In support thereof, GLS would respectfully show as follows:

## I. INTRODUCTION

Plaintiff Dejon Paris ("Plaintiff") fails to cure the fundamental deficiencies identified in GLS's *Motion to Dismiss* (the "Motion," Doc. 23). First, Plaintiff waived GLS's challenge to his claims for alleged violations of Tex. Bus. & Com. Code § 20.01 et seq. and negligence theories. Second, Plaintiff cannot rely on new factual allegations or legal theories raised for the first time in his Response. To the extent Plaintiff seeks to rely on his *Motion for Leave to File First Amended Complaint* ("Motion for Leave," Doc. 30), GLS intends to show this Court that such amendment would be futile. Accordingly, this Court should grant GLS's *Motion to Dismiss* (the "Motion," Doc. 23) on res judicata grounds.

## II. ARGUMENT AND AUTHORITY

"[A] complaint cannot be amended by briefs in opposition to a motion to dismiss. *See In re Baker Hughes Sec. Litig.*, 136 F. Supp. 2d 630, 646 (S.D. Tex. 2001). Thus, a court should not consider new arguments or evidence raised for the first time in a response brief as part of Plaintiff's pleadings. *See In re Enron Corp. Secs., Derivative & Erisa Litig.*, 761 F. Supp. 2d 504, 566 (S.D. Tex. 2011). Additionally, a party's failure to address a 12(b)(6) challenge to its complaint abandons those theories of recovery. *See, e.g., Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006).

Here, Plaintiff's *Original Petition* ("Complaint," Doc. 1-3) included claims against GLS for alleged violations of Tex. Bus. & Com. Code § 20.01, *et seq*., the Texas Uniform Commercial Code ("UCC"), Tex. Bus. & Com. Code § 9.101, *et seq*., and negligence. GLS's Motion challenged each of Plaintiff's claims on res judicata and/or collateral estoppel grounds. (*See* Doc. 23, at pp. 6–9). Plaintiff's Response solely advances his faulty theory of recovery under the Texas UCC. (*See* Doc. 31, at ¶ 6). Yet, the proposed amendment seeks to preserve alternative claims. (*See* Doc. 30-1, at ¶¶ 63–64). Plaintiff's failure to address these claims in his Response constitute an abandonment on those theories of recoveries as a matter of law and, therefore, the Court should sustain GLS's challenge as to Plaintiff's claims for negligence and alleged violations of Tex. Bus. & Com. Code § 20.01, *et seq*.

Next, Plaintiff relies solely on new factual allegations and purported evidence to support his claim under the Texas UCC. (*See* Doc. 31, at ¶¶ 6–10; *see also* Doc. 31-1). Such evidence should not considered as part of Plaintiff's pleadings as it was improperly raised in response to GLS's Motion to Dismiss. Further, Plaintiff's proposed amendment identifies the same injury Plaintiff alleged in the arbitration against GLS. (*See id.*, ¶ 65 ("Plaintiff has suffered actual damages, including denial of a $300,000 mortgage for which he was qualified[.]")). It is clear that Plaintiff's present claims against GLS arise out of the same nucleus of operative fact raised in the arbitration. A tribunal has already adjudicated the fact that GLS did not repossess

Plaintiff's 2023 Nissan Kicks (the "Vehicle"). Plaintiff summarily concludes that GLS's possession of the Vehicle constitutes a violation of the Texas UCC, but critically omits the key facts surrounding GLS's retrieval of the Vehicle from this Court. As GLS intends to set forth with more particularity in a timely response to Plaintiff's Motion for Leave, the proposed amendment is futile.

For these reasons, this Court should grant GLS's Motion and dismiss GLS from the above-captioned lawsuit with prejudice.

## CONCLUSION

WHEREFORE, Defendant Global Lending Services LLC respectfully requests that the Court grant its Motion to Dismiss, enter an order dismissing the claims against GLS with prejudice, and award GLS such other and further relief to which it is justly entitled.

Date: September 18, 2026

Respectfully submitted,

**HOLLAND & KNIGHT LLP**

By: *<u>/s/ George G. Robertson</u>*
George G. Robertson
State Bar No. 24106352
Miguel A. Escobar
State Bar No. 24137574
811 Main Street, Suite 2500
Houston, Texas 77002
713-821-7000 (Telephone)
713-821-7001 (Facsimile)
george.robertson@hklaw.com
miguel.escobar@hklaw.com

Jordan T. Koenig
State Bar No. 24121702
1722 Routh Street, Suite 1500
Dallas, Texas 75201
214-979-1700 (Telephone)
214-969-1751 (Facsimile)
Jordan.Koenig@hkklaw.com

**ATTORNEYS FOR DEFENDANT GLOBAL LENDING SERVICES LLC**

**CERTIFICATE OF SERVICE**

I certify that a correct copy of the foregoing was filed with the Clerk of the Court and served on all parties entitled to notice via the CM/ECF filing system on September 18, 2026.

*/s/ George G. Robertson*
George G. Robertson